2021 IL App (1st) 201365-U

No. 1-20-1365

Order filed March 4, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ESTHER OHIKU, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | 18 CH 08001 |
| | ) | |
| JAVIER HERNANDEZ, LAKEVIEW EAST | ) | Honorable |
| COOPERATIVE, and PENTIUK, COUVREUR, | ) | Alison Conlon, |
| KOBILJAK, | ) | Judge, Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Daniel Pierce and Justice Mary Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the circuit court granting defendants' motion for summary judgment when (1) plaintiff failed to file a motion to strike the supporting affidavit in order to make a timely challenge and (2) plaintiff cannot demonstrate that defendants failed to exercise due care.

¶ 2    Plaintiff Ester Ohiku appeals an order of the circuit court of Cook County granting summary judgment in favor of Lakeview East Cooperative (LEC) and Javier Hernandez. On

appeal, plaintiff contends that: (1) the affidavit submitted by Hernandez in support for summary judgment was not proper under Illinois Supreme Court Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)) when it failed to lay a foundation of Hernandez's personal knowledge and failed to attach the relevant documents, and (2) the circuit court had insufficient evidence that defendants were protected under the business judgment rule. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4      Plaintiff was a long-standing board member and former President of LEC. The Board of Directors (the Board) of LEC received a report from the United States Department of Housing and Urban Development (HUD)[1] directing that plaintiff be removed from the Board upon its finding that LEC was not her primary residence and she misused corporate assets for her benefit. Based on HUD's findings, on April 15, 2018, a petition for plaintiff's removal and a request for a vote thereon pursuant to Article II, section 2.12[2] of LEC's bylaws was presented to the Board.  On June 18, 2018, a special meeting was convened to vote on plaintiff's removal and 107 registered members were in attendance. The League of Women Voters (the League) were present to count and oversee the vote. The League tallied the votes cast as follows: 66 were in favor of removal, 33 were opposed, one ballot was blank, and one had "abstain" written on it. The League determined that, of the members that were present and voted, the affirmative votes met the threshold of two-thirds as required by the LEC bylaws.[3] However, after voters objected to the two remaining ballots (one blank and one abstention) not being included with the yes votes, Hernandez, the President of

_____

[1] The report was not provided in the record.
[2] This rule sets forth the requirements of notification for there to be a special meeting called.
[3] Although it was not specifically stated at the meeting, the League noted that this was in accordance with LEC's bylaws and the language of "present and voted" is consistent with Article III, section 3.4 of LEC's bylaws.

the Board, announced that everything would be reviewed and "in seven days we will get the results."

¶ 5    On June 22, 2018, Pentiuk, Couvreur, and Kobiljak (PCK), counsel for LEC, sent a letter to the Board and members of LEC, informing them that PCK was  present at the special meeting regarding plaintiff's removal, and that while the League was present to count and oversee the vote, the league needed additional time to determine how to treat the two disputed ballots. Nevertheless, after seven days the League declined to render a decision and deferred the matter to the Board and PCK.  The Board then deferred to PCK, who determined that neither of the two disputed votes qualified as votes cast, therefore, the vote to remove plaintiff passed. PCK noted that it based its findings on the applicable bylaws, relevant Illinois law, Robert's Rules of Parliamentary Procedure (Robert's Rules)[4], and consultation with independent parliamentary resources.[5]

¶ 6    On July 16, 2018, plaintiff filed a *pro se* amended motion for a preliminary injunction to bar defendants from removing her as a member of the Board. Plaintiff maintained that PCK wrongly concluded that a two-thirds vote in favor of removal occurred when it counted two ballots that should not have been counted. Plaintiff argued that monetary damages could not be an adequate remedy at law for her role on the Board.

¶ 7    On August 1, 2018, plaintiff filed an additional *pro se* injunction against Hernandez, LEC, and PCK. This time, plaintiff argued that defendants did not have the requisite two-thirds affirmative votes and asked the circuit court to intervene to prevent defendants from succeeding in implementing their "arbitrary maneuver" to remove her.

---

[4] Its proper title is Robert's Rules of Order, and we will continue to reference it as Robert's Rules to avoid confusion. Robert's Rules has had many authors, editions and publishers; therefore, we decline to cite to a specific one since the parties do not.
[5] In this letter, counsel does not provide specific citations or codes.

¶ 8    On October 19, 2018, PCK filed a motion to dismiss pursuant to section 2-615 (735 ILCS 5/2-615 (West 2018)) of the Illinois Code of Civil Procedure arguing that plaintiff could not substantiate any set of facts that would prove her case against them. PCK argued that they were only present to represent LEC and ensure that the voting and hearing process for removal of a director was properly conducted. PCK maintained that it did not tally the votes and did not represent any single member of the Board. PCK argued that plaintiff failed to state a claim for breach of fiduciary duty or legal malpractice because there was no extra-contractual duty that was owed to plaintiff by PCK. On February 25, 2019, the circuit court granted PCK's motion, and they were dismissed from the action.[6]

¶ 9    On April 1, 2019, LEC filed a motion for summary judgment arguing that the Board was entitled to take advice from PCK in reaching its decision and exercising due care. In so doing, as Hernandez attested to in his affidavit, a director has to inform themselves of material facts necessary to properly exercise their business judgment.

¶ 10    On June 10, 2019, plaintiff filed a motion for summary judgment arguing that LEC failed to obtain the necessary affirmative votes required to remove her from the Board. Plaintiff maintained that Article III, section 3.4 of LEC's bylaws provided that any director may be removed upon two-thirds of the "votes present and voted" at a convened meeting where at least 35% of the members were present. Plaintiff argued that an affirmative vote was not required and the two ballots in question should have counted toward the opposed votes citing *Prosser v. Village of Fox Lake*, 91 Ill. 2d 389, 395 (1982) as support.

¶ 11    On June 26, 2019, plaintiff retained her own attorney and filed a response to LEC's motion for summary judgment arguing that defendants failed to make a *prima facie* case that they would

---

[6] Going forward, defendants will consist of Hernandez and LEC.

be entitled to judgment on the pleadings. Plaintiff maintained that LEC's motion was conclusory, failed to include any details of the dispute, and only focused on how they followed the proper procedure and exercised their business judgment. Plaintiff asserted that after the inconclusive vote, defendants arbitrarily announced it would take seven days to reach a decision but did not identify which methods of procedure they would use. Plaintiff argued that the actions LEC took in administering and interpreting the votes were done in bad faith. Plaintiff maintained that LEC cited no provision to the bylaws or any other source to demonstrate that they had the authority to conduct the proceedings in the manner in which they did. Plaintiff argued that failure to provide this information prior to the proceedings amounted to a breach of duty.

¶ 12     On August 1, 2019, LEC filed a response to plaintiff's motion for summary judgment. LEC argued that plaintiff's removal met the requirements of its bylaws that required an "affirmative vote of two-thirds of the votes present and voted." Article III, section 3.4. LEC maintained that 66 voted in favor, 33 voted against, and abstentions were not counted because they needed to be "present and voted." LEC argued that section 3.4's requirement was echoed in the theory of Standard Code of Parliamentary Procedure[7] (Standard Code) which also provided that abstentions should not be counted, and the result of a vote was based on the members "present and voting." LEC argued that there was a total of 101 ballots, and they counted the votes of those members that were present and voted. LEC argued that plaintiff's reliance on *Prosser* was misplaced because, unlike *Prosser*, LEC was a not-for-profit governed by its bylaws and the Board, not a municipal corporation or agency regulated by the government. 91 Ill. 2d 389. According to LEC, Hernandez determined that Roberts Rules and basic parliamentary procedure would be utilized. Hernandez

---

[7] American Institute of Parliamentarians, Standard Code of Parliamentary Procedure, McGraw Hill, pp.139-140. (2012 ed.)

was authorized to make such determination pursuant to LEC's bylaws, which provided that "the President of the Corporation shall act as chairperson of the meeting ***. The chairperson of the meeting shall have the right to decide the order of business for such meeting and all procedural matters." Article II, section 2.16.

¶ 13 Next, LEC argued that the business judgment rule protected LEC and Hernandez because they sought legal advice on how to handle the matter and relied on that advice without malice or bad faith. LEC maintained that plaintiff ignored that the business judgment rule was a shield to corporations and their Board members who reasonably interpret their own governing documents. LEC further maintained that not only did HUD demand that plaintiff be removed, but members of LEC also circulated a petition to have plaintiff removed.

¶ 14 Lastly, LEC maintained that plaintiff's argument was moot because, although it was already 2019, she asked to be placed on the Board for 2018 and did not specify which position or role she should have.

¶ 15 In support of the aforementioned response, LEC attached the affidavit of Javier Hernandez dated July 2019. He averred that he was the President and Chair of LEC; it was his obligation pursuant to section 3.4[8] of LEC's bylaws to set the rules of procedure for all meetings; he utilized basic parliamentary procedure and Robert's Rules at the June 18, 2018, special meeting; and, he sought counsel's advice for how to interpret the law and rules of parliamentary procedure regarding the blank ballot and ballot that was marked "abstain" before deciding to count them as "votes voted" pursuant to the bylaws.

_____

[8] It appears Article II, section 2.16 gives him this authority, which LEC previously referenced in it's reply, not section 3.4.

¶ 16    On August 1, 2019, LEC filed a reply in support of its motion for summary judgment echoing the contentions made in its response to plaintiff's motion for summary judgment.

¶ 17    On August 12, 2019, plaintiff filed a reply in support of her motion for summary judgment arguing that defendants did not specifically cite to any legal authority, regarding how votes were to be counted, how blank ballots were to be treated, or how abstentions were to be treated. Plaintiff maintained that *Prosser* was the only relevant authority on how to count a vote of abstention when there was a requirement of an "affirmative" vote needed for passage of a referendum. 91 Ill. 2d at 395. Plaintiff argued that defendant's reliance on and interpretation of the Standard Code, Robert's Rules and LEC's bylaws was not adopted by the Board at the special meeting and defendants did not decide how they would apply the code, rules, and bylaws until after the vote took place. Plaintiff asserted that the business judgment rule did not apply to the Board's decision in this matter because they delegated their decision-making to the League; she was not removed until four days later; LEC's bylaws required that Hernandez establish the procedures at the meeting, not before it, and no determinations were made at the meeting.

¶ 18    On May 29, 2020, the circuit court entered its order granting defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. The circuit court found that the only dispute at issue was whether the blank ballot and the abstention ballot counted as part of the two-thirds majority calculation or not. The circuit court found that LEC's bylaws empowered the meeting chairperson, Hernandez, to choose which procedural rules to apply to each meeting and require that he announce those rules beforehand. Accordingly, the circuit court accepted the unrebutted affidavit of Hernandez indicating that he chose Roberts Rules and parliamentary procedure. Adopting this basic parliamentary procedure, the circuit court ruled that the blank vote and vote of abstention should not be added to the total number of votes "present

and voted" because they waived their right to vote and consented to the will of the members who did vote. In sum, the circuit court ruled that the number of votes present and voted were 99, and the 66 yes votes were two-thirds of the 99. Further, the circuit court distinguished *Prosser* because the Chicago Municipal Code did not apply to not-for-profit organizations, which LEC was. Lastly, the circuit court ruled that evidence demonstrated that LEC was exercising its business judgment in determining the election results and this was an independent basis for which defendants were entitled to summary judgment.

¶ 19    On June 29, 2020, plaintiff filed a motion to reconsider[9], and a memorandum in support. In the memorandum of support, plaintiff argued that defendants failed to meet their burden to establish an absence of material fact because of their inconsistent statements regarding what procedure was applied to the special meeting. Plaintiff asserted that Hernandez averred to applying parliamentary procedure and Robert's Rules in his affidavit without citation to any specific rule or evidence in support thereof. Plaintiff asserted that the meeting was adjourned without addressing which procedure would be implemented and which rule of law she should rely on. Plaintiff argued that the circuit court erred in relying on Hernandez's "unrebutted" affidavit  because he did not demonstrate personal knowledge of the rules, he referenced in said affidavit and failed to attach any documents that he relied on in accordance with Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)). Plaintiff argued that she cannot rebut the contents of Hernandez's affidavit because it was unverifiable and lacked objectivity due to its vagueness.

¶ 20    On August 17, 2020, defendants filed a response in opposition of plaintiff's motion to reconsider arguing that plaintiff failed to present new evidence to warrant reconsideration and merely restated arguments already made in her reply in support of her motion for summary

---

[9] The motion was not provided in the record on appeal.

judgment. Defendants asserted that the circuit court was correct in finding Hernandez's affidavit unrebutted because plaintiff did not submit anything to counter it and did not provide any case law in opposition.

¶ 21 On September 8, 2020, plaintiff filed an amended reply in support of her motion to reconsider and argued, in addition to her previous arguments, that LEC's bylaws were silent on the authority of a chair to choose the law after a meeting took place.

¶ 22 On November 19, 2020, a hearing was held on the motion for reconsideration. Plaintiff reiterated her argument that Hernandez's motion did not satisfy the requirements of Rule 191(a) by not attaching documents he referenced and by not setting forth facts with particularity about his personal knowledge of the matter. Defendants did not present any argument at the hearing.

¶ 23 The circuit court noted that it was not persuaded that there was any legal error in reaching the conclusions that: (1) Hernandez's affidavit was unrebutted and (2) that there was no genuine issue of material fact. The circuit court denied the motion orally at the hearing and memorialized the ruling in a written order on November 23, 2020. Plaintiff filed a timely notice of appeal on December 17, 2020.

¶ 24                                   ANALYSIS

¶ 25 On appeal, plaintiff contends that: (1) the affidavit submitted by Hernandez in support for summary judgment was not proper under Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)) when it failed to lay a foundation of Hernandez's personal knowledge and failed to attach the relevant documents, and (2) the circuit court had insufficient evidence that defendants were protected under the business judgment rule.

¶ 26                              A. Standard of Review

¶ 27    When examining a circuit court's grant of summary judgment, a reviewing court uses a *de novo* standard of review. *Seitz-Partridge v. Loyola University of Chicago*, 409 Ill. App. 3d 76, 82 (2011). Summary judgment is appropriate only if the pleadings, depositions, and affidavits in the record, when viewed most favorably to the non-movant, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id*; 735 ILCS 5/2-1005(c) (West 2018).

¶ 28                           B. Affidavit of Hernandez

¶ 29    Illinois Supreme Court Rule 191(a) (Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013)) governs affidavits used to support a motion for summary judgment. *Selby v. O'Dea*, 2020 IL App (1st) 181951, ¶ 134. Rule 191(a) states in pertinent part:

> "***shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto.***" Ill. S. Ct. R. 191 (a) (eff. Jan 4, 2013).

¶ 30     Strict Compliance with Rule 191(a) is required because affidavits serve as a substitute for testimony at trial. *Robidoux v. Oiphant*, 201 Ill. 2d 324, 335-36. (2002). "This requirement applies to both the "particularity requirement and the attached-papers provision." *Shelby*, 2020 IL App (1st) 181951, ¶ 135. Indeed, the plain language of Rule 191(a) requires that such papers be attached to the affidavit, this is not a "technicality" and, is fatal if not adhered to. *Id.* ¶¶ 135-36. Generally, we review the trial court's ruling on a motion to strike an affidavit in connection with a summary judgment *de novo*. *Madden v. Paschen*, 395 Ill. App. 3d 362, 386 (2009).

¶ 31                                    1. Personal Knowledge

¶ 32     Plaintiff contends that Hernandez's affidavit stating that the meeting was based on the rules of parliamentary procedure and Roberts Rules was an insufficient foundation and required additional corroborating evidence to establish that he possessed the knowledge to testify regarding those rules. Plaintiff asserts that the personal knowledge requirement forces affiants to only testify to facts that they have personal knowledge of, otherwise they must provide the external source from where they received the information, citing *Selby v. O'Dea*, 2020 IL App (1st) 181951, ¶148 as support. Plaintiff maintains that if the source is written, the written document must be attached. Plaintiff contends that Hernandez did not state that he was competent, nor did he specify if the rules were oral or written. Plaintiff asserts that when Hernandez averred that he relied on the advice of LEC's counsel for the interpretation of the law and parliamentary procedures, the statement was based on hearsay and not personal knowledge necessary to competently testify as to the conclusion. Plaintiff contends that Hernandez's proclamation that he made a "final ruling" is not supported by the record because the record does not reflect that a final ruling was made. Plaintiff asserts that LEC is unable to retroactively supplement explanations of the procedure, citing *Lucasey v. Plattner*, 2015 IL App (4th) 140512, ¶23 as support.

¶ 33     Defendants contend that Hernandez's affidavit was sufficiently specific and proper because it explicitly stated that the information attested to was made on the personal knowledge of the affiant and was within the scope of his knowledge as President and board member. Defendants assert that *Selby* is distinguishable because there, the court required documents after the affiant specifically stated he reviewed certain documents. Defendants contend that although plaintiff has complained of the affidavit being deficient pursuant to Rule 191(a), she failed to properly move to strike the affidavit under Rule 191(a). Defendants maintain that plaintiff's arguments are untimely

and should not be considered by this court citing *Stone v. McCarthy*, 206 Ill. App. 3d 893 (1990). Plaintiff's reply brief contends that the objections she made in support of her motion for summary judgment were sufficient.

¶ 34    We will first address defendants' contention that plaintiff's argument is waived for failing to present a motion to strike Hernandez's affidavit. In *Stone*, we held that in order to challenge the sufficiency of an affidavit pursuant to Rule 191(a) a party must either move to strike the affidavit or the motion for summary judgment. 206 Ill. App. 3d at 901. We found that objecting, for the first time, in a motion to reconsider constituted waiver. *Id.* Here, plaintiff first raised her challenge to Hernandez's affidavit in her reply brief in support of her motion for summary judgment.  Although plaintiff addressed the inconsistency and vagueness regarding the alleged rules that defendants relied on, she did not specifically allege noncompliance with Rule 191 (a). It was not until plaintiff filed a motion for reconsideration, that she began to argue that Hernandez's affidavit did not comply with Rule 191(a). Consequently, we find that plaintiff has waived her challenge to Hernandez's affidavit by not filing a motion to strike the affidavit or to strike defendants' motion for summary judgment.  As such, it is not necessary to  address plaintiff's subsequent contention that the affidavit required documents to be attached. *Id.*

¶ 35                              C. Business Judgment Rule

¶ 36    Plaintiff contends that the trial court erred when it concluded that the business judgment rule applied in this matter because the Board did not remove her during a meeting. Plaintiff maintains that the June 18, 2018, special meeting was adjourned and not recalled, and the Board did not have authority to conduct the removal outside of the meeting. Plaintiff alleges that the record demonstrates that the Board displayed confusion as to what actions were occurring outside of the noticed meetings. Therefore, she argues, there remains a significant question of fact as to

the Board's authorization or lack thereof to conduct its affairs in secret without disclosing the rules and procedures to members, such as herself, before they were implemented. Plaintiff contends that there is no evidence that the membership or board members voted to have legal counsel decide the vote tally at the special membership meeting, as opposed to the League who was designated as the impartial decider of the election results. Plaintiff maintains that she and other members were not informed about the Board's actions and calls into question whether the Board exercised due care in its procedure to remove a sitting board member citing *Stamp v. Touche Ross Co.*, 263 Ill. App. 3d 1010, 1015-16 (1993) as support.

¶ 37    Defendants contend that the circuit court properly found that its decision to remove plaintiff was protected under the business judgment rule. Defendants assert that it relied on counsel's advice throughout the entire removal process, as is attested to in Hernandez's affidavit. Defendants maintain that there is nothing in the record that could challenge the presumption that defendants were entitled to rely on counsel's advice when they properly exercised their business judgment.

¶ 38    The business judgment rule provides a presumption that in the course of making a business decision, "directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Sherman v. Ryan*, 392 Ill. App. 3d 712, 722 (2009). This rule is designed to protect directors who have been diligent and careful in performing their duties from being subjected to liability from honest mistakes of judgment. *Davis v. Dyson*, 387 Ill. App. 3d 676, 694 (2008). A party is entitled to this presumption when there is no evidence of fraud, bad faith, or self-dealing in the usual sense of personal profit or betterment on the part of the directors. *Sherman*, 392 Ill. App. 3d at 722. In the absence of such evidence, the Board's decision will be upheld unless it cannot be attributed to any business purpose.

*Id.* In order to rebut this presumption a showing that the board violated one of its fiduciary duties of due care, loyalty, or good faith, must be demonstrated. *Id.*

¶ 39    A component of due care is that a director must inform themselves of material facts necessary for them to exercise their judgment properly. *Davis*, 387 Ill. App. 3d at 694. We have held that protection under the business judgment rule is defeated where a director acts without sufficiently becoming informed. *Id.*

¶ 40    We must note that the circuit court found two independent bases for summary judgment when it ruled: (1) defendants were entitled to the protection of the business judgment rule, and (2) defendants properly counted the requisite affirmative votes for plaintiff's removal; plaintiff does not challenge the latter on appeal.

¶ 41    Upon our analysis of whether the business judgment rule applies, we find that the defendants did not fail to exercise due care. According to the record, during and after the June 18, 2018, special meeting, the League, who plaintiff acknowledges was designated as the impartial decider of the vote, counted the votes, and upon finding an unmarked ballot and a ballot that had "abstain" written on it, they deferred to the Board. Hernandez averred that under the authority vested in him by LEC's bylaws, he determined the procedure for the special meeting using Roberts Rules and parliamentary procedure. Hernandez then sought the advice of counsel for the interpretation of those rules as it related to the two ballots in question. Therefore, before making a final determination, Hernandez received advice from counsel thereby making sure he was sufficiently informed prior to exercising his judgment. *Davis*, 387 Ill. App. 3d at 694. Based on this, we do not find defendants failed to exercise due care. *Sherman*, 392 Ill. App. 3d at 722. Therefore, plaintiff has failed to rebut the presumption that defendants acted on an informed basis, in good faith, and in the honest belief that their actions were taken in the best interest of LEC. *Id.*

¶ 42    Thus, the circuit court did not err in determining that defendants were entitled to summary judgment because no genuine issue of material fact existed as to defendants being entitled to protection under the business judgment rule. *Seitz-Partridge*, 409 Ill. App. 3d at 82.

¶ 43                                        CONCLUSION

¶ 44    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 45    Affirmed.